UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ANDERSON JOSEPH,

                Plaintiff,

    - against -

JRF INCOME TAX BUSINESS SERVICES,

                Defendant.
---------------------------------------------------------x
ANDERSON JOSEPH,

                Plaintiff,

    - against -

McDONALD'S RESTAURANT,

                Defendant.
---------------------------------------------------------x
ANDERSON JOSEPH,

                Plaintiff,

    - against -

NORTH SHORE UNIVERSITY HOSPITAL,

                Defendant.
---------------------------------------------------------x
ANDERSON JOSEPH,

                Plaintiff,

    - against -

SOCIAL SECURITY OFFICE,

                Defendant.

**MEMORANDUM & ORDER**
21-CV-3869 (PKC) (PK)

21-CV-3870 (PKC) (PK)

21-CV-3872 (PKC) (PK)

21-CV-3873 (PKC) (PK)

```
-------------------------------------------------------x
```

ANDERSON JOSEPH,

                        Plaintiff,                              21-CV-3874 (PKC) (PK)

              - against -

T-MOBILE,

                        Defendant.

```
-------------------------------------------------------x
```

ANDERSON JOSEPH,

                        Plaintiff,

              - against -                    21-CV-3876 (PKC) (PK)

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE,

                        Defendant.

```
-------------------------------------------------------x
```

ANDERSON JOSEPH,

                        Plaintiff,

              - against -                    21-CV-3877 (PKC) (PK)

GREAT NECK PLAZA VILLAGE OF,

                        Defendant.

```
-------------------------------------------------------x
```

ANDERSON JOSEPH,

                        Plaintiff,

              - against -                    21-CV-3878 (PKC) (PK)

HELP TO ADJUST COUNSELING, ANGER
MANAGEMENT,

                        Defendant.

---------------------------------------------------------x

ANDERSON JOSEPH,

                          Plaintiff,                       21-CV-3879 (PKC) (PK)

               - against -

NEW YORK STATE INSURANCE FUND,

                          Defendant.
---------------------------------------------------------x

ANDERSON JOSEPH,

                          Plaintiff,

               - against -                     21-CV-3880 (PKC) (PK)

CAPITAL ONE BANK,

                          Defendant.
---------------------------------------------------------x

ANDERSON JOSEPH,

                          Plaintiff,

               - against -                     21-CV-3881 (PKC) (PK)

CHARRA NALINI,

                          Defendant.
---------------------------------------------------------x

ANDERSON JOSEPH,

                          Plaintiff,

               - against -                     21-CV-3882 (PKC) (PK)

CTOWN SUPERMARKET,

                          Defendant.

-------------------------------------------------------x

ANDERSON JOSEPH,

      Plaintiff,

                   21-CV-3883 (PKC) (PK)

  - against -

LANTERN DINER,

      Defendant.
-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

On June 8, 2021, Plaintiff Anderson Joseph filed this action along with 12 additional *pro se* actions under 42 U.S.C. § 1983. On August 10, 2021, the Court dismissed all 13 actions and ordered Plaintiff to show cause within 14 days why he should not be enjoined from filing future *in forma pauperis* ("IFP") actions in this Court without first obtaining permission to do so. (Memorandum & Order ("M&O"), Dkt. 4.) In its Order, the Court noted that in recent months Plaintiff has filed more than 20 other *pro se* cases against various individuals, organizations, and entities, all but one of which was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). (*Id.* at 4 n.1.)[1] The one action that was not initially dismissed, has since been

---

[1] *See Joseph v. Supreme Ct. of the State of N.Y.*, No. 21-CV-1685 (PKC) (PK); *Joseph v. Legal Aid Soc'y*, No. 21-CV-1686 (PKC) (PK); *Joseph v. N.Y.C. Police Dep't*, No. 21-CV-1687 (PKC) (PK); *Joseph v. Kirby Forensic Psychiatric Ctr.*, No. 21-CV-1688 (PKC) (PK); *Joseph v. Dep't of Probation*, No. 21-CV-1689 (PKC) (PK); *Joseph v. Nassau Cnty. Dep't of Probation*, No. 21-CV-1690 (PKC) (PK); *Joseph v. Row Hotel*, No. 21-CV-1691 (PKC) (PK); *Joseph v. Children's Rescue Fund*, No. 21-CV-1692 (PKC) (PK); *Joseph v. Landing Fam. Shelter*, No. 21-CV-1693 (PKC) (PK); *Joseph v. Spring Fam. Residence*, No. 21-CV-1694 (PKC) (PK); *Joseph v. Hollis Fam. Residence*, No. 21-CV-1695 (PKC) (PK); *Joseph v. MTA NYC Transit*, No. 21-CV-1696 (PKC) (PK); *Joseph v. Stark*, No. 21-CV-2136 (PKC) (PK); *Joseph v. Jamaica Hosp. Med. Ctr.*, No. 21-CV-2137 (PKC) (PK); *Joseph v. Mount Sinai Queens*, No. 21-CV-2139 (PKC) (PK); *Joseph v. NYU Langone Med. Bus. Off.*, No. 21-CV-2140 (PKC) (PK); *Joseph v. Queens Hosp. Ctr.*, No. 21-CV-2141 (PKC) (PK); *Joseph v. Wells Fargo Bank*, No. 21-CV-2810 (PKC) (PK); *Joseph v. TD Bank*, No. 21-CV-2811 (PKC) (PK); *Joseph v. Ridgewood Sav. Bank*, No. 21-CV-

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff failed to amend his deficient complaint by the Court's deadline.[2] (*See Joseph v. Nassau Cnty. Dep't of Probation*, No. 21-CV-1690 (PKC) (PK), Dkt. 5 (Order Dismissing Case).)

Plaintiff was warned in previous orders dismissing cases for failure to state a claim that "[t]he district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel," *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks and citations omitted). (*See, e.g.*, *Joseph v. Kirby Forensic Psychiatric Ctr.*, No.

---

2812 (PKC) (PK); *Joseph v. CMJ Mgmt. Inc.*, No. 21-CV-2813 (PKC) (PK); *Joseph v. Chase Bank*, No. 21-CV-2814 (PKC) (PK); *Joseph v. Bank of Am.*, No. 21-CV-2816 (PKC) (PK).

[2] Several weeks after dismissing *Joseph v. Nassau Cnty. Dep't of Probation*, No. 21-CV-1690 (PKC) (PK), both the Court's June 11, 2021 Order directing Plaintiff to amend the Complaint (Dkt. 4), and the Court's August 10, 2021 Order dismissing the Complaint (Dkt. 5) were returned to the Court with the notation "RETURN TO SENDER" "ATTEMPTED – NOT KNOWN" "UNABLE TO FORWARD" (Dkts. 7, 8). Orders dismissing complaints in several of Plaintiff's other cases were likewise returned to the Court as undeliverable with the same notation. The Court mailed each of these orders to the address provided by Plaintiff: Anderson Joseph, 110-12 Springfield Blvd., Queens Village, NY 11429. The Court successfully mailed orders to Plaintiff at this address in some cases. *See Joseph v. Kirby Forensic Psychiatric Ctr.*, No. 21-CV-1688 (PKC) (PK); *Joseph v. Wells Fargo Bank*, No. 21-CV-2810 (PKC) (PK). It is Plaintiff's obligation to keep the Court apprised of his current mailing address, and the failure to do so has been recognized by courts as a ground to dismiss for failure to prosecute. *See, e.g.*, *Campbell v. New York City*, No. 19-CV-5431 (JMF), 2020 WL 469313, at *1 (S.D.N.Y. Jan. 29, 2020); *Pratt v. Behari*, No. 11-CV-6167 (JGK), 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012) ("The case cannot proceed without a current address for the plaintiff and the failure to maintain such an address with the Court is a ground for failure to prosecute." (quoting *Laney v. Ramirez*, No. 10-CV-9063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (collecting cases))). The Court finds that because it appears that Plaintiff has received at least some of the orders dismissing his cases and warning him of the possibility of an injunction, Plaintiff was on notice that an injunction could be imposed if he continued to file lawsuits that fail to state a claim and/or are frivolous.

21-CV-1688 (PKC) (PK), Dkt. 4, at 8; *Joseph v. Wells Fargo Bank*, No. 21-CV-2810 (PKC) (PK), Dkt. 4, at 7–8.) In those orders, Plaintiff was specifically warned that further duplicative lawsuits may result in a filing injunction that will prevent him from filing new lawsuits in this Court without first obtaining permission from the Court to do so.

Copies of the Court's August 10, 2021 Order including the Order to Show Cause were mailed to Plaintiff at the two addresses he has identified with the Court. Plaintiff has not responded to the Order to Show Cause to offer any reason why he should not be barred from filing future IFP actions in this Court without first obtaining permission to do so. In light of Plaintiff's recent and prolific filing history, including more than 30 *pro se* actions, all of which have now been dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court concludes that Plaintiff's frequent frivolous filings detract from this Court's efficient administration of justice.

Accordingly, Plaintiff is enjoined from filing any further IFP actions in the Eastern District of New York without first obtaining permission from the Court to do so.

To eliminate the need to write a decision every time Plaintiff makes a frivolous filing (because that would largely defeat the purpose of the injunction), the injunction shall be implemented as follows. First, the Clerk of Court is directed to open a miscellaneous case entitled "In re Anderson Joseph," and to file a copy of this Order under that docket number. The matter is then to be administratively closed. Any further IFP filings by Plaintiff shall be filed only under that miscellaneous docket number. The Court will review each filing to determine whether it is frivolous or fails to state a claim. If it is frivolous or fails to state a claim, no further action will be taken. If it states a claim, the Court will direct the Clerk of Court to open a new civil matter, file those documents on the docket, and the case will then proceed as a new case in the ordinary course.

Nothing herein shall be construed to prohibit Plaintiff from filing an appeal of this Order. However, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore IFP status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                              SO ORDERED.

                              */s/ Pamela K. Chen*
                              Pamela K. Chen
                              United States District Judge

Dated: September 8, 2021
       Brooklyn, New York